IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : : : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 15-478-KD-M |
| | : | |
| RAYFORD CAMPBELL | : : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

The Plaintiff's Motion to Remand (Doc. 3) has been referred for report and recommendation under 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72.  After consideration of Plaintiff's motion and Defendant's response (Doc. 10)[1], it is recommended that Plaintiff's Motion to Remand (Doc. 3) be granted and that this action be remanded to the Circuit Court of Mobile, Alabama.

Facts and Proceedings

On December 10, 2014, Plaintiff, Federal National Mortgage Association (hereinafter referred to as "Fannie Mae" or "Plaintiff") filed a statutory ejectment action against Rayford Campbell in the Circuit Court of Mobile County, Alabama.  (Doc. 6-1, at 4).  Defendants Carol

---

[1] After being given two extensions of time to file a response to Plaintiff's Motion to Remand, Defendant filed a Response on November 23, 2015, which was untimely.  Nevertheless, this Court will consider Defendant's response as if it were timely filed.

1

Rayford and Shelia Campbell were added as named defendants on December 30, 2015, and February 11, 2015, respectively. (*Id*. at 14, 26).  Thereafter, Defendants, Rayford Campbell and Shelia Campbell, each filed an Answer on March 24, 2015, and March 30, 2015, respectively. (Docs. 6-2, at 2-18, 34-50).  Plaintiff filed a Motion for Summary Judgment on May 26, 2015, (Doc. 6-4) and on July 10, 2015, a hearing was held on the same.  (Doc. 3, at 3).  During the hearing, Defendants informed the court that they had filed a responsive pleading to Plaintiff's motion earlier in the morning, of which Plaintiff and the court were unaware. As such, the court postponed the hearing. *Id*.  The court ultimately reset Plaintiff's summary judgment motion for hearing on September 18, 2015.  (*Id*. at 3-4).  On the morning of the second hearing, Defendant, Rayford Campbell filed a Notice of Removal (Doc. 1). According to the Notice, removal is warranted because "The Damages Is Over ($75,000.00) and this involves the United States Government Under The United States District Court Jurisdiction." (Doc.1, at 2).[2]  In its Motion to Remand, Fannie Mae argues

---

[2] Various other counterclaims are asserted within the Notice of Removal, including Fraud upon the Court, Counter Claim in 337 Proceedings, Civil Action for Deprivation of Rights, Property Rights of Citizens, Conspiracy to Interfere with Civil Rights, etc.; however, because of the reasoning mentioned above and because removal is improper both procedurally and substantively, this Court will not indulge in an

that this action is not removable based on both procedural and substantive grounds. (Doc. 3).

## Discussion

This Court interprets Defendant's Notice of Removal to allege that federal jurisdiction exists under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  (Doc. 1).  A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court.  *See* 28 U.S.C § 1441(a).  A federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of South Alabama. v. American Tobacco*

---

analysis of these claims individually, as they have no bearing on the removability of this action.

*Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (internal and external citations omitted). "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id. at 410.* (citation omitted). "If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded to the state court from whence it came." *Id.* (citing 28 U.S.C. § 1447(c)).

Before considering whether federal diversity or subject matter jurisdiction exits, this Court will first address the procedural implications of Defendant's Notice of Removal raised by Fannie Mae. Specifically, whether Defendant, Shelia Campbell, consented to removal and whether removal was timely.

In the Eleventh Circuit, "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. American Home Assurance Co.*, 264 f.3d 1040, 1044 (11th Cir. 2001) (citations omitted). The removing defendant must "receive the consent of all then-served defendants at the time he files his notice of removal." *Bailey v. Janssen Pharmaceuticals, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). In the present action, the underlying state court

4

complaint names both Shelia Campbell and Rayford Campbell as defendants (*See* Doc. 6-1; Complaint and Second Amended Complaint)[3] and the Notice of Removal (Doc. 3) solely names Rayford Campbell as the removing party. Furthermore, Shelia Campbell has not filed any pleading consenting to the removal of this action, nor has she joined in on any of the pleadings filed in this action after the Notice of Removal was filed. (*See* Docs. 5, 8, and 10). Because the record does not contain any statement or supportive pleading from which the consent of Shelia Campbell could be ascertained, unanimity does not exist and this action should be remanded to state court.

To the extent that unanimity does exist, Plaintiff's Motion to Remand is still due to be granted on procedural grounds because removal was untimely.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been

---

[3] There is no dispute that the Amended Complaint also names Carol Rayford as a Defendant (Doc. 6-1, Amended Complaint); however, the Answers filed by both Shelia and Rayford Campbell (Doc. 6-2) indicate they do not know a Carol Rayford and Carol Rayford never filed an answer in state court. As a procedural matter, Carol Rayford's consent may be necessary for removal, however, because Shelia Rayford has not consented and unanimity already fails, this Court believes the lack of consent of Carol Rayford, to the extent it is required, is only compounding and, therefore, this Court will not analyze whether Carol Rayford is a proper party or whether service was proper such that her consent to removal must be required.

      filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  "Removal is a privilege accorded by statute, and a removing party must comply with the statutory requirements in order to invoke the statute." *Clingan v. Celtic Life Ins. Co.*, 244 F.Supp.2d. 1298, 1302 (M.D. Ala. 2003) (citation omitted).  "The time limit in 28 U.S.C. § 1446(b) is 'mandatory and must be strictly applied.'" *Id.* (citations omitted).  In the present action, Defendants[4] sought removal on September 18, 2015, nine (9) months after the initial complaint was filed against Rayford Campbell and seven (7) months after Shelia Campbell was added as a named defendant.  (*See* Doc. 6-1; Complaint and Second Amended Complaint.)  Furthermore, the removal was filed approximately six (6) months after both Shelia and Rayford Campbell filed their respective answers. As a result, it is clear that removal is untimely and remand is warranted.  *See HSBC Bank USA Nat. Ass'n v. Bobrowski*, 2015 WL 4506824, *2 (M.D. Fla. July 23, 2015)("Defendants purport to remove a foreclosure complaint filed on July 26, 2012. Defendants' notice of removal filed on July 20, 2015,

---

[4] Because any analysis on the merits of the removability of this action must be based on a finding that both Rayford Campbell and Shelia Campbell have consented to removal, and because there is no dispute that both of these individuals are defendants in this action, the remaining portions of this recommendation will use the term "Defendants."

6

is therefore untimely.").

B. Diversity Jurisdiction

Assuming arguendo, that the above-mentioned procedural defects are not dispositive of Defendants' Notice of Removal, this Court will briefly analyze the substantive jurisdictional issues raised in Plaintiff's Motion to Remand (Doc. 3), i.e., whether original or diversity jurisdiction exists.

Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs and the action is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. " *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (*citing to Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by [the Defendant], [the Defendant] bears the burden of proving

7

that federal jurisdiction exists."). A removing defendant bears the same burden with regard to the amount in controversy. *See Tapscott v. MS Dealer Service,* 77 F. 3d 1353, 1355 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ("[A]removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement.").

In the instant action, Defendants have failed to allege, much less prove by a preponderance of the evidence, that the parties are completely diverse. (Doc. 1) In fact, the notice filed by Defendants is completely silent as to the citizenship of any party, such that diversity could ostensibly be determined. *Id.; See also Bobrowski*, *supra*, at *2 ("[I]t is unclear from Defendants' notice of removal whether the requirements of diversity jurisdiction have been met. They do not allege that the parties are diverse or that the amount in controversy exceeds $75,000. Thus, they have not met their burden to establish diversity jurisdiction under § 1332."). Nevertheless, even if the parties were diverse, removal is still improper. "An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any

8

'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005). *See also Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014) ("Pursuant to the so-called 'forum-defendant rule,' a state-court action that is otherwise removable to federal court solely on the basis of diversity of citizenship is not removable if any of the 'parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The state court complaint filed by Fannie Mae asserts only a state court action for ejectment under Alabama law against Defendants and based on a review of the state court file, Rayford Campbell appears to be a citizen of Alabama.[5] (Doc. 1, at 20-21; Doc 6-2, at 17-18). As a result, it is apparent that any potential removal of this action based on diversity is barred under § 1441(b)(2).

Defendant has additionally failed to establish the minimum amount in controversy requirement under § 1332(a) in support of removal. Plaintiff's Complaint does not seek

---

[5] While the citizenship of Rayford or Shelia Campbell has not been asserted within the Notice of Removal, it is evident that Rayford Campbell resides at 5321 Oak Bend Court in Mobile, Alabama and therefore, the unknown citizenship of Shelia Campbell does not affect whether this action is barred under § 1441(b)(2).

9

any specific amount of damages. (Doc 6-1, at 4-6). Therefore, the burden is on Defendants to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  The only assertion made by Defendants simply states,  "The Damages Is Over ($75,000.00)". (Doc. 1, at 2).  Defendants have not offered any evidence in support of this contention and, therefore, they have failed to meet their burden. To the extent that Defendants rely upon their counterclaim of thirty-two million dollars ($32,000,000.00)[6] to justify the amount in controversy requirement, the same is improper because a counterclaim cannot "be considered in determining the amount in controversy  [in the context of removal jurisdiction]." *Merion Realty Management, L.L.C. v. Henry 2010 WL 5140571 *4 (S.D. Ala. November 19, 2010), report and recommendation adopted,* 2010 WL 5339425 (S.D. Ala. December 9, 2010). Lastly, the amount in controversy requirement cannot be satisfied by the value of the property which was foreclosed upon by Plaintiff (assuming such an assertion can be

---

[6] Defendants have additionally asserted that "[t]he damages is over (three million dollars that was casued (sic) by fraud and fraud upon the court caused by (Seterus) and their law firm and lawyers." (Doc. 10, at 14).  Nevertheless, regardless of the amount of damages asserted by Defendants, either thirty-two million or three million, the same cannot be considered for purposes of determining the amount in controversy.

interpreted from Defendants' removal notice)[7] and, as a result, Defendants have not established that removal pursuant to § 1332 is proper.  *See MacMillan Bloedell, Inc. v. Ezell,* 475 So.2d 493, 496 (Ala. 1985) (recognizing that statutory ejectment under §6-6-280(b) is possessory in nature); cf. AMD Property Management, supra, at *4 ("'As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.'"); CitiMortgage, Inc., v. Dhinoja, 705 F.Supp.2d 1378, 1382 (N.D. Ga. 2010)("[T]his court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.").  Because the amount in controversy has not been established by the Defendants, removal is improper.

    B.    Federal Question

---

[7] Defendant's Response  (Doc. 10) states "[t]he home is valued over ($75,000) and the damages to Mr. Rayford Campbell credit and equity and assets that was tied up by this company between (2009-2010) […]".  This is the only statement that could ostensibly be read to establish the amount in controversy.  However, for the reasons set forth above, neither of these assertions would establish the requisite amount in controversy even if they were proven as true.

11

Defendants' removal also appears to assert federal subject matter jurisdiction and despite the procedural concerns previously addressed, this Court will briefly analyze whether federal subject matter jurisdiction exists. 28 U.S.C. § 1331 provides that federal courts possess "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. "[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question." *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) (emphasis supplied), cert. denied, 543 U.S. 808, 125 S.Ct. 30, 160 L.Ed.2d 10 (2004). Furthermore, federal question jurisdiction cannot be based upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830, 122 S.Ct. 1889, 1893, 153 L.Ed.2d 13 (2002) ("[T]he well-pleaded complaint rule, properly understood [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction."); Bobrowski, supra, at *2 ("[T]he assertion of federal counterclaims is insufficient to confer federal

12

question jurisdiction under § 1331."). In the instant action, the Complaint is one for statutory ejectment under Alabama law. As such, original jurisdiction of this matter does not lie in federal court pursuant to 28 U.S.C. § 1331.

## CONCLUSION

After reviewing all of the relevant pleadings of record, the Court finds that Defendants have not demonstrated, by a preponderance of the evidence, that removal is proper. Thus, it is recommended that Plaintiff's Motion to Remand be granted, and that this action be remanded to the Circuit Court of Mobile County, Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. GenLR72. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the

13

disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 1st day of December, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE